

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8427 | **DATE** | 10-29-12 |
| **CASE TITLE** | Warren Archie (#2012-0326158) vs. Cook County Municipality, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff has neither paid the required filing nor moved to proceed *in forma pauperis*. In addition, Plaintiff's complaint is dismissed without prejudice for failure to state a claim. Plaintiff is granted thirty days to: (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. The Clerk is directed to send Plaintiff an *in forma pauperis* application and an amended complaint form and a copy of this order. Plaintiff's failure to fully comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, a pretrial detainee at Cook County Jail has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the Plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file a complete *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months.

In addition, Plaintiff's complaint fails to sufficiently a claim against a named Defendant.

Plaintiff alleges that when he entered Cook County Jail he had a cast on his right leg and two casts on his arms from a previous car accident. On December 8, 2011, Plaintiff was transferred to Division 2 in a wheelchair. Plaintiff alleges that while in Division Two he was not given "medical attention" by the nursing staff even though he was unable to "cart" himself around due to his casts. Plaintiff alleges that he was denied medical attention by all of the "named persons." Plaintiff alleges that Superintendent Martinez had knowledge of his injuries but "did nothing about them."

After Plaintiff wrote a grievance about the alleged denial of medical care, Dr. Glen wrote Plaintiff a prescription for plastic bags to cover the casts during showers. While in the shower, Plaintiff slipped and fell. Plaintiff was taken to Cermak and examined by Dr. Yuo. Doctor Yuo had x-rays taken of Plaintiff's neck and back

## STATEMENT

and he prescribed muscle relaxers for Plaintiff. Plaintiff's request to be taken to Stroger's Hospital for "further medical treatment" was denied. Subsequently, Plaintiff wrote a grievance regarding not receiving pain medication after the slip and fall. Plaintiff bonded-out of Cook County Jail on February 13, 2012.

Plaintiff names Cook County Municipality, David Fagus, Superintendent Martinez, Dr. Glen, and Dr. Yuo as Defendants.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff makes no allegations against David Fagus in his complaint. As to the other named-Defendants, Plaintiff's minimal allegations do not rise to deliberate indifference to his medical care. While Plaintiff makes conclusory allegations that he was denied proper medical treatment, his specific allegations show that he did receive medical care, he just disagreed with the care he had received. Neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

As to Plaintiff's official capacity claims, a governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000).

Here, Plaintiff alleges that Cook County has "a custom and policy and regulation not to acknowledge pretrial detainees rights to medical attention." However, "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a municipal policy does exist, are insufficient." *McTigue v. City of Chicago*, 60 F.3d 381, 382-83 (7th Cir. 1995) (citations and internal quotation marks omitted); *Dean v. City of Harvey*, No. 05 C 24454, 2006 WL 3095756, *2 (N.D. Ill. Oct. 30, 2006) (Hibbler, J.). "The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of Section 1983 liability devoid of any well-pleaded facts." *Looper Maintenance Service Inc. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999) (citations omitted). Plaintiff's conclusory allegation of a policy and custom without explanation or factual support amounts to "boilerplate allegations" that is insufficient to set forth a plausible claim. *See, e.g., Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009). Accordingly, Plaintiff has not pled an official capacity claim.

Based on the above, Plaintiff has failed to state a claim. Plaintiff is given leave to file an amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, **all** allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

In summary, Plaintiff is granted thirty days to: (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. Plaintiff's failure to fully comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.

*Suzanne B. Conlon*